
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-56808 |
| Plaintiff - Appellee, | D.C. No. 2:06-cv-05014-PJW |
| v. | |
| MARIA FERRO, | MEMORANDUM[*] |
| Claimant - Appellant, | |
| _____ | |
| ROBERT FERRO, | |
| Claimant, | |
| and | |
| 1,679 FIREARMS; 87,983 ROUNDS OF AMMUNITION; 3 AIRBURST PROJECTILES; ASSORTED FUSES, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California

_____

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Patrick J. Walsh, Magistrate Judge, Presiding

Argued and Submitted February 17, 2012
Pasadena, California

Before: PREGERSON, HAWKINS, and BEA, Circuit Judges.

In this memorandum disposition, we address Maria Ferro's contention that the search that revealed the firearms at issue was unconstitutional. We affirm the district court's denial of her motion to suppress. In a concurrently filed published opinion, we address her other claims.

Ferro moved to suppress the evidence on the grounds that the warrant affidavit contained deliberately false statements which rendered it invalid under *Franks v. Delaware*, 438 U.S. 154 (1978). On appeal, Ferro contends that five specific statements in the Radovic affidavit were false and that, without these statements, the police lacked probable cause for a search. Her argument fails for a simple reason: even excluding all of the statements to which she objects, the affidavit still contained more than enough probable cause to obtain a warrant. It is clear to us that, as the district court said, "any judge would issue a search warrant in this case to go into Robert Ferro's house and see if the same guy who is setting

2

up a hideaway place for [Frank] Beltran is also holding the gun and the clothes that he used during the crime."[1]

The denial of the motion to suppress is AFFIRMED.

---

[1] In his criminal proceeding for being an felon-in-possession, Robert Ferro also moved to suppress the same evidence, and the motion was denied by a different judge than the one presiding in this case.